**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Case No. 6:09cr00006-1** |
| | ) | |
| **v.** | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **JERRY WALLACE CARTER, JR.** | ) | **By: Norman K. Moon** |
| | ) | **United States District Judge** |

Jerry Wallace Carter, Jr., a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 2009 drug conviction and sentence in this court. I find that Carter's motion is barred by the one-year statute of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, I will dismiss Carter's motion as untimely filed.

**I.**

In 2009, Carter pled guilty to conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. I entered judgment on August 19, 2009, sentencing Carter to a term of 144 months incarceration. Carter did not appeal. Carter submitted his § 2255 motion to the court on June 3, 2012. By conditional filing order, the court notified Carter that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion.

**II.**

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Carter argues that the timeliness of his motion should be considered under § 2255(f)(3) in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S.Ct. 2577 (2010). However, § 2255(f)(3) does not apply to either *Simmons* or *Carachuri-Rosendo*. Therefore, the timeliness of Carter's motion cannot be determined under § 2255(f)(3).

In *Simmons*, the Fourth Circuit interpreted and applied *Carachuri-Rosendo* and held that hypothetical aggravating factors cannot be considered when calculating a defendant's maximum punishment for purposes of a prior conviction used to enhance a federal sentence. 649 F.3d 237. The *Simmons* decision expressly overruled *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). As set forth in § 2255(f)(3), the one-year time limit for filing a § 2255 motion runs from the date on which the Supreme Court announces a new rule of law and makes the new law retroactive to cases on collateral attack. *Simmons* cannot trigger § 2255(f)(3) because this section, by its own terms, applies only to rights newly recognized by the United States Supreme Court and *Simmons* is a Fourth Circuit decision.

Carter also cannot rely on the *Carachuri-Rosendo* decision to render his motion timely under § 2255(f)(3). In *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012), the Fourth Circuit ruled that the *Carachuri-Rosendo* decision did not recognize a new right as required to invoke

§ 2255(f)(3).[1]  "Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not later the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule.  It is, therefore, not retroactively applicable to cases on collateral review."  *Powell*, 691 F.3d at 559-60.  Accordingly, the court finds that Carter has not demonstrated grounds to support the application of § 2255(f)(3).  Further, Carter alleges nothing to support the application of § 2255(f)(2) or (4).  Therefore, I will consider the timeliness of Carter's motion under § 2255(f)(1).

For purposes of the one-year limitations period § 2255(f)(1), a defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires.  *See Clay v. United States*, 537 U.S. 522, 528 (2003).  Thus, Carter's conviction became final on September 1, 2009, when his time to file an appeal expired, and he had until September 1, 2010 to file a timely § 2255 motion.  However, Carter did not file his federal habeas motion until June 3, 2012, approximately 641 days after his time to file a timely § 2255 motion passed.  Accordingly, Carter's motion is time-barred unless he demonstrates grounds for equitable tolling.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  A

---

[1] Further, Carter did not file his motion within one year of *Carachuri-Rosendo*.  The Supreme Court issued *Carachuri-Rosendo* on June 14, 2010 and Carter filed the present motion on June 3, 2012.  Thus, the one-year time limit passed well before Carter filed the present motion and the motion is untimely.  *See Fleming v. United States*, No. 1:07cr33-4, 2012 U.S. Dist. LEXIS 3081, 2012 WL 72289, at *6-7 & n.2 (W.D.N.C. January 10, 2012); *United States v. Hardison*, 2011 U.S. Dist. LEXIS 148702, 2011 WL 6780783, at *1-2 (E.D.N.C. December 27, 2011).

petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); Harris, 209 F.3d at 330 (citing *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998)). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Courts have held that opinions of the circuit court overruling prior circuit law can satisfy the "extraordinary circumstance" requirement. *See Burns v. Prudden*, 588 F.3d 1148, 1151 (8th Cir. 2009). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). The inmate "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008).

In response to the court's conditional filing order, Carter argues that he was not able to file his § 2255 motion until after the Fourth Circuit's decision in *Simmons*. However, Carter has not demonstrated that he was diligent in pursuing his § 2255 claim in the 291 days that passed between the *Simmons* decision and the filing of Carter's § 2255 motion. Accordingly, I find that Carter's arguments do not rise to the level of the "rare instance" in which equitable tolling should be applied. Inasmuch as Carter has not demonstrated grounds for equitable tolling, I find that Carter's § 2255 motion is untimely.

**III.**

For the reasons stated, I will dismiss Carter's § 2255 motion as untimely filed.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to petitioner.

**ENTER:** This 15th day of April, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE